# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

AB CERNELLE,

    Plaintiff,                                    CASE NO: 03-CV-10291-BC

v.                                                          DISTRICT JUDGE DAVID M. LAWSON
                                                               MAGISTRATE JUDGE CHARLES E. BINDER

GRAMINEX, LLC and
CYNTHIA R. MAY,

    Defendants.
_____/

## ORDER ON AB CERNELLE'S MOTION TO STRIKE
## THE FIRST AMENDED COUNTERCLAIM OF GRAMINEX, LLC AND
## CYNTHIA R. MAY AND THE THIRD-PARTY COMPLAINT
## OF CYNTHIA R. MAY AND HAROLD C. BALDAUF
(Dkt. 41)

Pending, pursuant to an Order of Reference from U.S. District Judge David Lawson, is the above-entitled motion. Oral argument was heard on March 21, 2006. Plaintiff seeks an order striking a Third-Party Complaint filed by Defendants on January 17, 2006. (Dkt. 40.)

Rule 15 of the Federal Rules of Civil Procedure provides that once a complaint has been answered, a party "may amend the party's pleading only by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a). Rule 14, dealing with third-party practice, states that "[t]he third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise, the third-party plaintiff must obtain leave on motion upon notice to all parties to the action." Fed. R. Civ. P. 14(a). Defendants received neither leave of court nor Plaintiff's consent to the filing of either the First Amended Counterclaim or the Third-Party Complaint, and both pleadings were filed long after the time periods mentioned in the rules.

In spite of any views expressed in the past, and in spite of what I fully presume are the good-faith representations of counsel relating to statements made by Judge Lawson during the recent status conference, all parties and this Magistrate Judge are constrained by the written provisions of Judge Lawson's case management order. The assertion by Baldauf, May and Graminex that it has an equal right to file amended pleadings without leave of the Court finds no support in the written provisions of Judge Lawson's case management order. In addition, I conclude that the existence of the facts underlying the Third-Party Complaint was known to counsel and to the parties for at least two years and potentially for as long as ten years. Accordingly;

**IT IS ORDERED** that Plaintiff's motion to strike be **GRANTED** and that the First Amended Counterclaim of Graminex and May and the Third-Party Complaint of May and Baldauf be **STRICKEN**. The First Amended Counterclaim (Dkt. 39) and the Third-Party Complaint (Dkt. 40) are hereby **STRICKEN**.

Review of this Order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED**.

                                                    s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: March 23, 2006                  United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on John A. Decker, Allyn D. Kantor, Aaron Krauss, and David W. Wicklund, and served in the traditional manner on Susan Ciallella, Robert W. Hayes and Honorable David M. Lawson.


Dated: March 23, 2006                       By    s/Mary E. Dobbick
                                                                   Secretary to Magistrate Judge Binder